IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Lackey Electric, Inc.,**

      **Plaintiff,**

v.                                                          Case No. 04-2217-JWL

**International Brotherhood of**
**Electrical Workers, Local Union No. 226,**

      **Defendant.**

## MEMORANDUM & ORDER

Plaintiff Lackey Electric, Inc. filed suit against defendant International Brotherhood of Electrical Workers, Local Union No. 226 (hereinafter "Local 226") alleging breach of contract arising out of defendant's failure to correct its members' poor workmanship as required by the terms of the parties' collective bargaining agreement. Defendant moves for summary judgment on the grounds that an arbitration award dismissing plaintiff's claim bars further proceedings on that claim in court. As set forth in more detail below, defendant's motion is granted and plaintiff's claim is dismissed with prejudice.

*Facts*

The material facts of this case are, in large part, undisputed. Those facts that are in dispute are related in the light most favorable to plaintiff, the nonmoving party. Plaintiff Lackey Electric, Inc. is an electrical contractor headquartered in Topeka, Kansas. In 2003, plaintiff was performing electrical work for a building project at the University of Kansas. To fulfill its obligations on the

project, plaintiff employed journeymen electricians who were represented by defendant Local 226. At all times relevant to this dispute, the relationship between plaintiff and defendant was governed by the terms of a collective bargaining agreement. That agreement required union members to make corrections on improper workmanship for which they were responsible on their own time during regular working hours. According to plaintiff, there were several instances in which the workmanship of various union members on the project was improper and failed to conform to the project's plans and specifications and yet the union members failed to correct their work on their own time as required by the agreement. After defendant failed to remedy the work of its members, plaintiff was forced to expend its own funds correcting the work.

The parties' collective bargaining agreement outlines a three-step process for resolving "[a]ll grievances or questions in dispute" among parties to the agreement. The first step is informal resolution between representatives of the parties. *See* Agmt. § 1.06. If this is unsuccessful, the second step is "adjustment" by a Labor-Management Committee comprising three union representatives and three representatives of the employers association ("the Committee"). *See* Agmt. §§ 1.05-1.07. If the Committee "fail[s] to agree or to adjust any matter," then the dispute is referred to the Council on Industrial Relations for the Electrical Contracting Industry. *See* Agmt. § 1.08. According to the agreement, the "Council's decisions shall be final and binding."

Pursuant to this process, plaintiff submitted a grievance to the Labor-Management Committee regarding the union members' alleged improper workmanship on the University of Kansas project. In March 2004, the Committee convened to address the dispute. Dean Lackey,

2

plaintiff's president, attended the hearing and presented his case to the Committee both orally and in writing. At the conclusion of the hearing, the Committee determined that plaintiff's grievance was untimely under Section 1.10 of the collective bargaining agreement. That section requires a party to bring a grievance to the attention of the opposite party "in writing within 21 working days of its occurrence." Any grievance that is not brought to the other party's attention within this time frame is "deemed to no longer exist." *See* Agmt. § 1.10.

Thereafter, plaintiff filed suit against defendant in the District Court of Shawnee County, Kansas asserting a claim for breach of contract based on defendant's failure to correct the workmanship of its members. Defendant then removed the case to this court and now seeks summary judgment on plaintiff's claim.

**II.     Summary Judgment Standard**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Lifewise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004). An issue is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* (citing *Anderson*, 477 U.S. at 248).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id*. (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).  In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.  *Id.* (citing *Celotex*, 477 U.S. at 325).

If the movant carries this initial burden, the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings; the burden shifts to the nonmovant to go beyond the pleadings and "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.  *Id.* (citing Fed. R. Civ. P. 56(e)).  To accomplish this, sufficient evidence pertinent to the material issue  "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibits incorporated therein."  *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002).

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."  *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

*Discussion*

In its motion for summary judgment, defendant contends that plaintiff's claim is barred by the doctrine of collateral estoppel.  Specifically, defendant contends that the Labor-Management Committee's decision dismissing plaintiff's claim constitutes an arbitration award barring further

4

proceedings on that claim in court. While plaintiff concedes that the doctrine of collateral estoppel bars a party from pursuing in court a claim that has previously been decided through arbitration, *see Coffey v. Dean Witter Reynolds Inc.*, 961 F.2d 922, 925 n.4 (10th Cir. 1992), plaintiff asserts that grievance proceedings at the Committee level do not constitute final and binding arbitration for purposes of collateral estoppel. In the alternative, plaintiff asserts that the Committee's decision was not a decision "on the merits" for purposes of collateral estoppel and, thus, the decision does not have preclusive effect. As explained below, the court rejects plaintiff's arguments and concludes that the Committee's decision bars further proceedings on plaintiff's claim.

According to plaintiff, the plain language of the pertinent provisions in the parties' collective bargaining agreement reveals that proceedings at the Committee level do not constitute final and binding arbitration. The contractual provisions at issue state as follows:

> **Section 1.05.** There shall be a Labor-Management Committee of three representing the Union and three representing the Employers. It shall meet regularly at such stated times as it may decide. However, it shall also meet within 48 hours when notice is given by either party. It shall select its own Chairman and Secretary. The Local Union shall select the Union representatives and the Chapter shall select the management representatives.
>
> **Section 1.06.** All grievances or questions in dispute shall be adjusted by the duly authorized representative of each of the parties to this Agreement. In the event that these two are unable to adjust any mater [sic] within 48 hours, they shall refer the same to the Labor-Management Committee.
>
> **Section 1.07.** All matters coming before the Labor-Management Committee shall be decided by a majority vote. Four members of the Committee, two from each of the parties hereto, shall be a quorum for the transaction of business, but each party shall have the right to cast the full vote of its membership and it shall be counted as though all were present and voting.

5

>**Section 1.08.**  Should the Labor-Management Committee fail to agree or to adjust any matter, such shall then be referred to the Council on Industrial Relations for the Electrical Contracting Industry for adjudication.  The Council's decisions shall be final and binding.
>
>**Section 1.09.**  When any matter in dispute has been referred to conciliation or arbitration for adjustment, the provisions and conditions prevailing prior to the time such matters arose shall not be changed or abrogated until agreement has been reached or a ruling has been made.

Plaintiff highlights that the word "arbitration" does not appear in any of the provisions relating to the Labor-Management Committee; that no provision makes the decision of the Committee "final and binding"; that, by contrast, the decisions of the Council on Industrial Relations are specifically deemed to be "final and binding"; and that the reference to "conciliation" in Section 1.09 must refer to proceedings before the Committee while the reference to "arbitration" in that section must refer to proceedings before the Council on Industrial Relations.

As an initial matter, the Supreme Court has recognized that the word "arbitration" need not appear in the collective bargaining agreement for the means chosen by the parties for settlement of their differences to be given "full play."  *See General Drivers, Warehousemen & Helpers, Local Union No. 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963).  In other words, so long as the parties have chosen an "instrument for the definitive settlement of grievances" under their collective bargaining agreement, an award stemming from that instrument is enforceable under section 301 of the Labor Management Relations Act and the courts are not permitted to reweigh the merits of the grievance.  *Id*.  Thus, the absence of the word "arbitration" in the agreement here is in no way fatal to defendant's argument that the Committee's decision constitutes an arbitration award.

6

Plaintiff's remaining "plain language" arguments have been rejected by every court that has analyzed contractual language identical to the language in the agreement here and has addressed the precise issue before this court–whether proceedings before a Labor-Management Committee constitute final and binding arbitration. In *Local Union 1253, International Brotherhood of Electrical Workers, AFL-CIO v. S/L Constr., Inc.*, 217 F. Supp. 2d 125 (D. Me. 2002), the district court analyzed a collective bargaining agreement with provisions identical to the provisions relevant here. Faced with similar arguments made by plaintiff in this case, the district court held that the Labor-Management Committee's rulings were arbitration awards. *See id.* at 132. After identifying several cases in which courts have held that similar or identical provisions authorize joint labor-management committees to issue arbitration awards that are entitled to judicial enforcement, the court went on to emphasize that the employer had an opportunity to present evidence at the Committee meetings, nothing suggested that the procedure was unfair, and the Committee's rulings were intended to resolve the parties' dispute fully. *See id.*

Similarly, in *Tecam Electric M.V. Inc. v. Local Union 701 of the International Brotherhood of Electrical Workers*, 2001 WL 1338985 (N.D. Ill. Oct. 29, 2001), the district court analyzed a collective bargaining agreement with virtually identical provisions to the agreement here. Rejecting the employer's argument that the only "final and binding" decisions under the agreement were those rendered by the Council on Industrial Relations, the court explained:

> [I]f the Agreement was interpreted as argued by [the employer], the only time that a final and binding decision would be made is if the LMC failed to agree or adjust a matter referred to the Council on Industrial Relations as found in Section 1.08.

7

> Therefore, any actions and decisions made pursuant to Sections 1.05, 1.06, and 1.07 would be useless. Such a result is inconsistent with Congress's intent to make arbitration a fast, efficient, and inexpensive substitution to litigation in federal court.

*See id.* at *4; *accord International Brotherhood of Electrical Workers, Local Union No. 226 v. O.K. Johnson Electric Co.*, 2004 WL 2005796, at *1 (D. Kan. Aug. 5, 2004) (decision of Labor-Management Committee was final and binding; agreement does not provide a right of appeal except in cases in which the Committee fails to agree); *Zorn v. K.C. Community Constr. Co.*, 812 F. Supp. 948, 953 (W.D. Mo. 1992) (Labor-Management Committee's award constituted an arbitration award; action by Council on Industrial Relations required only when Committee deadlocks).

Simply put, the court agrees with the reasoning expressed in each of the decisions referenced above.[1] It is clear that the Committee's decision regarding a dispute is intended to resolve that dispute fully and finally. Referral to the Council for resolution occurs only in those circumstances when the Committee fails to agree; it is not an alternative to resolution by the Committee. Here, the Committee did not fail to agree and, thus, its decision dismissing plaintiff's claim was final. Any other interpretation of the agreement would render any decisions by the Committee purely advisory. Moreover, plaintiff's suggestion that proceedings before the

---

[1] Plaintiff urges that these decisions conflict with ordinary contract principles concerning the "rewriting" of contracts. Collective bargaining agreements, however, are not ordinary contracts and are not governed by the same common law concepts that govern private contracts. *See Volkman v. United Transp. Union*, 73 F.3d 1047, 1050 (10th Cir. 1996). In any event, the court has not rewritten the parties' contract. Rather, the court has interpreted that contract according to its plain meaning.

Committee are intended to be more akin to mediation is entirely inconsistent with the contractual provision requiring that all matters before the Committee "shall be decided" by a majority vote. In sum, the court concludes that the parties' proceedings before the Committee constituted an arbitration.

Finally, plaintiff urges that even if the Committee's decision constitutes an arbitration award, that award should not be given preclusive effect because the Committee essentially dismissed plaintiff's grievance on procedural grounds (*i.e.*, plaintiff's failure to bring its grievance to the attention of the opposing party within the 21-day time frame) rather than rendering a decision on the merits of plaintiff's claim. *See Coffey*, 961 F.2d at 925 (person relying on collateral estoppel must establish, among other things, that there was a judgment on the merits in the prior proceeding). Significantly, plaintiff does not direct the court to any cases supporting its assertion that a decision such as that rendered by the Committee is not a decision "on the merits" for purposes of collateral estoppel. Moreover, the Tenth Circuit has held that a dismissal on statute of limitations grounds under Federal Rule of Civil Procedure 41(b) is a judgment on the merits for purposes of collateral estoppel. *See Murphy v. Klein Tools, Inc*., 935 F.2d 1127, 1128-29 (10th Cir. 1991) (and citing host of cases holding that dismissal on statute of limitations grounds operates as res judicata). The court, then, believes that the Circuit would similarly conclude that an arbitration decision dismissing a claim on limitations grounds is a decision on the merits such that preclusive effect would be given to it. *See Witkowski v. Welch*, 173 F.3d 192, 200 (3rd Cir. 1999) (arbitration proceeding was "on the merits" where arbitrator dismissed claims on statute of limitations grounds).

9

For the foregoing reasons, defendant's motion for summary judgment is granted and plaintiff's claim is dismissed with prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for summary judgment (doc. #9) is granted.

**IT IS SO ORDERED.**

Dated this 12th day of January, 2005, at Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge